GREENFIELD CONSTRUCTION COMPANY INC. v MICHIGAN
DEPARTMENT OF STATE HIGHWAYS

1. JUDGMENT—DECLARATORY JUDGMENT—CIRCUIT COURT—DISCRE-
   TION.

   It is within the sound discretion of the circuit court to determine
   whether or not a declaratory judgment is appropriate.

2. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—RULES—
   STATE HIGHWAY DEPARTMENT—SPECIFICATIONS.

   Standard specifications for highway construction issued by the
   Department of State Highways are not rules within the mean-
   ing of the Administrative Procedures Act, subject to judicial
   review, where they lack legal significance until they have been
   incorporated into a contract and have not been promulgated
   under the procedures for processing and publishing rules pre-
   scribed by the Administrative Procedures Act (MCLA 24.207,
   24.231 *et seq.)*.

3. COURTS—COURT OF CLAIMS—CLAIM AGAINST STATE—EXCLUSIVE JU-
   RISDICTION—STATUTES.

   Jurisdiction of the Court of Claims is exclusive over claims and
   demands, liquidated and unliquidated, ex contractu against the
   state or any of its departments and agencies (MCLA
   600.6419[1][a].)

4. COURTS—COURT OF CLAIMS—ADMINISTRATIVE LAW—ADMINISTRA-
   TIVE PROCEDURES ACT—CLAIM AGAINST STATE—CONTESTED CASE
   —CIRCUIT COURT—JURISDICTION.

   An issue of whether a contractor who has entered into a con-
   struction contract with the state is entitled to extra compensa-
   tion because of a change in conditions is not a "contested case"
   within the meaning of the Administrative Procedures Act,
   therefore not subject to review by the circuit court under the
   Administrative Procedures Act, but is subject to the exclusive
   jurisdiction of the Court of Claims (MCLA 24.203[3]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Declaratory Judgments § 9.
[2, 4–6] 2 Am Jur 2d, Administrative Law §§ 201–208.
[3, 7] 20 Am Jur 2d, Courts § 33.

5. Administrative Law—Administrative Procedures Act—Judicial Review.

A declaratory ruling of a state agency is subject to judicial review under the Administrative Procedures Act in the same manner as an agency's final decision or order in a contested case, that is, by direct review by the courts pursuant to any applicable special statutory review proceeding in any court provided by statute; the Act also provides for review in the absence or inadequacy of relief under such statutory review proceeding (MCLA 24.263, 24.301, 24.302).

6. Administrative Law—Administrative Procedures Act—Judicial Review—Courts—Court of Claims—Adequacy of Relief.

Review in the Court of Claims of a claim against the state is a special statutory proceeding encompassed within the Administrative Procedures Act and that court is the exclusive forum for review of such a claim unless the remedy available there is inadequate (MCLA 24.302, 600.6419[1][a]).

7. Courts—Jurisdiction—Circuit Court—Court of Claims—Claim Against State—Statutes.

A circuit court does not have subject-matter jurisdiction to enter a declaratory judgment in a case of a construction contractor's claim for additional compensation from the Department of State Highways because not only is relief available in the Court of Claims, but the Court of Claims is given exclusive jurisdiction of such claims by statute (MCLA 600.6419[1][a]).

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 November 7, 1974, at Detroit. (Docket No. 18721.) Decided January 28, 1975. Leave to appeal applied for.

Petition by Greenfield Construction Co., Inc., for review of a decision of the Michigan Department of State Highways, and for a declaratory judgment. Judgment for plaintiff. Defendant appeals. Reversed.

*Schmier, Fealk & Ellis,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso*

and *Curtis G. Beck,* Assistants Attorney General, for defendant.

Before: J. H. GILLIS, P. J., and ALLEN and PETER-SON,* JJ.

ALLEN, J. Defendant appeals from a declaratory judgment entered November 8, 1973, in favor of plaintiff, providing (a) that plaintiff was entitled to extra compensation for a changed physical condition due to increasing high lake levels in Lake St. Clair; (b) that the amount of extra compensation should be determined by the Court of Claims; (c) that in-house administrative procedures employed by defendant in denying plaintiff's claim for extra compensation were in contravention of the Administrative Procedures Act, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.,* and were denial of due process of law; and (d) that jurisdiction of the circuit court to enter a declaratory judgment was not precluded by the Court of Claims Act, MCLA 600.6419; MSA 27A.6419.

In November 1972, plaintiff was the successful low bidder for $769,978.40 on a sewer outlet project extending some 2000 feet into Lake St. Clair. Plans and specifications for the project prepared by defendant gave the prospective bidder a choice of causeway, trestle or cofferdam method of construction. The plans also included references to the historic highwater level of Lake St. Clair (July 1952), the historic low-water level (January 1936), and the lake level at the time of preparation of the engineering plans (November 1970). Plaintiff elected to use the causeway method of construction under which a causeway would be built out to the furthermost point in the lake and work would

---

* Circuit judge, sitting on the Court of Appeals by assignment.

proceed toward shore with removal of the causeway as construction progressed. Plaintiff used the November 1970 lake level in estimating the amount of material needed for the causeway.

Subsequently, upon commencing construction, plaintiff first became aware that the water level of Lake St. Clair was approximately 2 feet higher than the November 1970 indicated water level and .4 feet higher than its historic high-level mark, whereupon plaintiff presented a claim for additional compensation based on a changed physical condition as provided in § 1.04.03(c) of the 1970 Standard Specifications for Highway and Bridge Construction.[1] This claim was denied April 10, 1973.[2] On April 24, plaintiff requested a formal meeting with the Department of State Highways' Central Office Adjustment Board, an informal panel created by the director of the department to advise the director on requests of contractors for additional compensation. It has no statutory or rule-making authority; its proceedings are unrecorded. May 10 plaintiff met with the Central Office Adjustment Board and on June 6 received a

---

[1] "Changed Physical Conditions.—Should the Contractor encounter or the Engineer discover, during the progress of the work, physical conditions at the site *differing materially from those shown in the contract* and included documents, or unknown physical conditions of a nature differing materially from those generally recognized as work of the character provided for in the contract, the Engineer will investigate the conditions. Unless the Engineer finds that the work required materially changes the character of the work, the work will be paid for at the contract unit price." (Emphasis supplied.)

[2] Following is the reply received from the Lansing Construction Office: "The plans show a considerable fluctuation in the water surface elevation and dates these elevations were taken. It is assumed that any Contractor bidding this contract in November of 1972, would make an effort to find out what the water level was at that particular time, also, what water level could be expected during the next construction season. Information is available from the Department of Natural Resources or Corps of Engineers in the Detroit area which would show up to date information on the existing water levels, and projected water levels for the next season."

letter signed by the Central Office Adjustment Board and, by appendix, ratified by John Woodford, Director of the Department of State Highways, informing plaintiff its claim for additional compensation was denied. Plaintiff interprets the June 6 letter as a declaratory ruling which is subject to judicial review as provided by § 63 of the Administrative Procedures Act of 1969, MCLA 24.263; MSA 3.560(163):

"On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. * * * A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case."

On July 17, plaintiff filed a petition for review of the alleged declaratory ruling and for a declaratory judgment in Wayne County Circuit Court. Plaintiff contends that the higher lake level required it to revise the causeway method of construction at an estimated additional cost of $134,000. Defendant filed a motion for accelerated or summary judgment, alleging that the circuit court lacked jurisdiction because the matter was not a contested case within the Administrative Procedures Act, the June 6 letter of the Central Board was not a declaratory ruling within the meaning of the Administrative Procedures Act, and the claim for a changed physical condition was a matter of exclusive jurisdiction of the Michigan Court of Claims. MCLA 600.6419; MSA 27A.6419. On September 11, the circuit court issued an opin-

ion concluding that defendant was entitled to an accelerated judgment. However, plaintiff filed a motion to stay entry of judgment and on October 9, a hearing was held, as a result of which, on October 26, the court issued its second opinion and from which appeal is taken in this matter. The second opinion was issued solely on the basis of pleadings, briefs, and documents and without the reciting of evidence or testimony on points capable of controversion.

Appellant submits four questions for review.

I. Are the "Standard Specifications for Highway and Bridge Construction" rules within the meaning of the Michigan Administrative Procedures Act?

II. Does the circuit court have subject-matter jurisdiction to hear a declaratory judgment action against the Department of State Highways concerning the terms and effect of a disputed construction contract?

III. Were the practices and procedures of the defendant to entertain claims for contract adjustment due to alleged "change in physical conditions" arbitrary and capricious and therefore a denial to the plaintiff of due process of law?

IV. Did the trial court commit reversible error in deciding the factual question as to whether a change of conditions occurred, where the defendant had not yet had an opportunity to file an answer and defend on the merits?

The trial court granted a declaratory judgment in favor of plaintiff. Such judgments are governed by GCR 1963, 521, and as noted in *Michigan Transportation Co v Secretary of State,* 41 Mich App 654, 671; 201 NW2d 83 (1972), *lv den,* 389 Mich 767 (1973), "[i]t is within the sound discretion of the circuit court to determine whether or not a declaratory judgment is appropriate." Was that discretion abused in this case?

We agree with the trial court that the standard specifications for the construction contract are not rules within the meaning of MCLA 24.207; MSA 3.560(107). These standard specifications lack legal significance until they are incorporated into a contract. The standard specifications have not been promulgated under the procedures for processing and publishing rules, MCLA 24.231 *et seq.;* MSA 3.560(131) *et seq.*

However, the trial court did not base its jurisdiction upon whether the specifications are rules, and specifically found that they were not rules within the meaning of the above statute. We must now determine whether the trial court had subject-matter jurisdiction in this declaratory judgment action.

In *Brown Bros Equipment Co v State Highway Commission,* 11 Mich App 570, 572; 161 NW2d 772 (1968), the Court held that the Court of Claims has exclusive jurisdiction over a cause of action in contracts.

"The complaint and exhibits attached thereto state a cause of action in contract against the State and a State commission. The court of claims has exclusive jurisdiction of such claims."

According to Const 1963, art 6, § 13, "[t]he circuit court shall have original jurisdiction in all matters not prohibited by law * * * ." MCLA 600.605; MSA 27A.605, provides:

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state."

MCLA 600.6419(1)(a); MSA 27A.6419(1)(a), provides that the jurisdiction of the Court of Claims over "claims and demands, liquidated and unliquidated, ex contractu * * * " against the state or any of its departments and agencies "shall be exclusive".

This exclusive jurisdictional role of the Court of Claims as prescribed by statute and case law cited above is reinforced by long established custom. The function of the Central Office Adjustment Board has existed for many years. Contested contract matters have often been settled by the Board either wholly or partially in favor of the contractor. Where the contractor is dissatisfied with the Board's conclusions it has been the practice to file actions in the Court of Claims. In such situations the Court of Claims interprets the disputed contract provisions and sets the amount of compensation.

In an attempt to circumvent the exclusive jurisdictional role of the Court of Claims, plaintiff makes two arguments of original impression. First, plaintiff argues that the issue of extra compensation is a contested matter which properly falls under MCLA 24.203(3); MSA 3.560(103)(3) of the Administrative Procedures Act of 1969. This section defines a contested case as:

"(3) 'Contested case' means a proceeding, including but not limited to rate-making, price-fixing and licensing, in which a determination of the legal rights, duties or privileges of a named party is required by law to be made by an agency * * * after an opportunity for an evidentiary hearing."

Obviously, no statute mandates that an evidentiary hearing be held on what rights a contractor has under a construction contract with the Highway Department. Accordingly, we reject plaintiff's

argument. A more persuasive claim is made that final decision of the Central Office Adjustment Board amounts to a declaratory ruling which, under § 63 of the Administrative Procedures Act of 1969, MCLA 24.263; MSA 3.560(163), is subject to judicial review in the circuit court. The argument is both ingenious and one of first impression.

MCLA 24.263; MSA 3.560(163), provides that an agency's declaratory ruling "is subject to judicial review in the same manner as an agency final decision or order in a contested case". According to MCLA 24.301; MSA 3.560(201), an agency's final decision or order "is subject to direct review, by the courts as provided by law". MCLA 24.302; MSA 3.560(202), states that judicial review may be had pursuant to "any applicable special statutory review proceeding in any court specified by statute". However, "[i]n the absence or inadequacy" of relief under § 102, "judicial review shall be by a petition for review in accordance with sections 103 to 105". The latter sections provide for the procedures to be used in such review proceedings.

The Court of Claims Act, MCLA 600.6419(1)(a); MSA 27A.6419(1)(a), by allowing for review of a claim against defendant, falls within the "as provided by law" provision of MCLA 24.301; MSA 3.560(201). Review in the Court of Claims is a special statutory proceeding encompassed within MCLA 24.302; MSA 3.560(202). The issue is whether the remedy in the Court of Claims is inadequate, therefore entitling plaintiff to obtain relief pursuant to the provisions of MCLA 24.303–305; MSA 3.560(203)–(205).

An analogous situation was present in *Armstrong & Armstrong, Inc, v United States,* 356 F Supp 514 (ED Wash, 1973). In that case, plaintiff brought suit against the Department of Interior

claiming the Department had capriciously and arbitrarily rejected its low bid. Damages of $9414.13 for bid preparation costs and $142,000 in loss of profits were claimed. The central issue presented was whether a rejected bidder on a government contract had sufficient standing to press for a judicial review of the administrative decision. Also, plaintiff claimed the trial court had jurisdiction on several bases, one being the Federal Administrative Procedure Act, 5 USCA §§ 702 and 703. The court rejected this argument, saying:

"Judicial review is available under the Administrative Procedure Act, 5 USCA § 701(a), except where '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.' "

\* \* \*

"The scope of judicial review is set forth in 5 USC § 706. Under subsection (2)(C) and (D), this Court may set aside agency action that goes beyond the limitations of statutory right or not done in accordance with procedures required by law.

"This relief is available, unless, as is provided in 5 USC § 704, an adequate remedy in court is found to exist and thus bar application of the Administrative Procedure Act's provisions for judicial review. [Citations omitted.] *As relief is at least available in the Court of Claims under 28 USC § 1491 (1970), judicial review may not be predicated on the Administrative Procedure Act.*" 356 F Supp 514, 520–521. (Emphasis supplied.)

*Armstrong, supra,* is persuasive because, as has been noted by our Court, Michigan's Administrative Procedures Act and the Federal Administrative Procedure Act are very similar. *Citizens For Better Care v Department of Public Health,* 51 Mich App 454, 463; 215 NW2d 576 (1974). Just as relief in the Court of Claims was available to plaintiff in *Armstrong,* so, too, is relief in the case before us available in the Michigan Court of

Claims. This has been the time-honored forum for disgruntled contractors. Indeed, the present case is stronger than *Armstrong* because, unlike the Federal situation, exclusive statutory jurisdiction lies in the Michigan Court of Claims.[3] Accordingly, we hold that the trial court was in error in finding that the circuit court had subject-matter jurisdiction to enter a declaratory judgment in the present case.

This disposition by us makes it unnecessary to reach questions III and IV. Assuming that the trial court did have jurisdiction, it nevertheless acted without the benefit of proofs or even an answer on the merits of plaintiff's claim. Under such circumstances, plaintiff's proof would be insufficient to establish its right to recovery. Absent such evidentiary support, the issue of whether or not a changed physical condition occurred would have been remanded for further proceedings. However, since we have determined that the proper forum is the Court of Claims, the issue must be presented and decided there.

Reversed. Costs to defendant.

[3] As noted in *Armstrong, supra,* the Tucker Act, 28 USCA §§ 1346(a)(2), and 1402, vests jurisdiction in the Federal District Court to hear contract claims which do not exceed $10,000. 356 F Supp 514, 521. Such claims are also subject to the Federal Court of Claims' jurisdiction. 28 USCA 1491. Michigan's scheme does not provide for such concurrent jurisdiction.